PEOPLE v GRAY

CRIMINAL LAW—PLEA OF GUILTY—PRIVILEGE—SELF-INCRIMINATION—
ADVICE OF RIGHTS.
   Failure to advise a defendant before accepting his plea of guilty
   that he has a constitutional privilege against self-incrimination
   will invalidate the plea (US Const, Am V).

Appeal from St. Clair, Stanley C. Schlee, J.
Submitted Division 2 January 5, 1972, at Lansing.
(Docket No. 11188.) Decided May 1, 1972.

Frederick H. Gray was convicted, on his plea of
guilty, of breaking and entering an unoccupied
dwelling. Defendant appeals. Reversed and re-
manded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Walter W. Turton,*
Prosecuting Attorney, *Peter Deegan,* Chief Assist-
ant Prosecuting Attorney, and *Delmer L. Cleland,*
Corporation Counsel, for the people.

*Jane Burgess,* Assistant State Appellate De-
fender, for defendant.

Before: LESINSKI, C. J., and McGREGOR and
QUINN, JJ.

PER CURIAM. Defendant Gray was convicted on
his plea of guilty of breaking and entering an
unoccupied dwelling. MCLA 750.110; MSA 28.305.
He appeals as of right.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 357, 367, 449.

Before accepting defendant's plea of guilty, the trial court failed to inform him of his Federal constitutional privilege against self-incrimination secured by the Fifth Amendment.

Failure of the trial court to advise the defendant of this right so as to effect a waiver thereof by his plea of guilty makes this plea infirm. See *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969); *People v Jaworski,* 387 Mich 21 (1972).

We need not reach the other issue raised by defendant in view of our finding above.

Reversed and remanded.